**In the Matter of The ESTATE OF Monica Gene LEE–CUOZZO, Deceased.**

**Louis George LESCE, III and David J. Waynick, Co–Executors, Petitioners/Appellees,**

v.

**Walter CUOZZO, Respondent/Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

May 22, 1996.

Rehearing Denied June 12, 1996.

Permission to Appeal Denied by Supreme Court Oct. 14, 1996.

Request for Clarification and Motion to Stay Denied Nov. 1, 1996.

Walter Cuozzo, Old Hickory, pro se.

David J. Waynick, Waynick, Cate & Taylor, Nashville, for respondent/appellant.

### OPINION

TODD, Presiding Judge, Middle Section.

Walter Cuozzo, surviving spouse of Monica Gene Lee–Cuozzo, deceased, has appealed from the judgment of the Trial Court dismissing his "Petition for Elective Share, Year's Support and Exempt Property" as untimely filed.

On June 12, 1994, Monica Gene Lee–Cuozzo died.

On October 6, 1994, the will of deceased was admitted to probate, and letters testamentary were issued to David J. Waynick and George Lesce, III.

On October 13, 1994, the usual notice to creditors was published.

On November 15, 1994, counsel for the executors wrote to counsel for the surviving spouse in part as follows:

Enclosed please find the proposed inventory we are going to submit in the Cuozzo Estate.

If you or your client know of any discrepancy in this inventory, please advise so that we can investigate the same and report the same to the Court.

. . . . .

Please review the inventory and give me a call as to any questions or concerns that you may have.

On May 3, 1995, an inventory was filed.

On June 1, 1995, the surviving spouse filed the above mentioned petition.

On July 14, 1995, the executors moved to dismiss the petition as untimely filed.

The Trial Court found that the petition was not timely filed and dismissed it.

T.C.A. Section 31–4–102(a)(1) provides:

**Proceeding for elective share—Time limit.**—(a)(1) The surviving spouse may elect to take such spouse's elective share in decedent's property by filing in the court and mailing or delivering to the personal representative, if any, a petition for the elective share within nine (9) months after the date of death, or within six (6) months after the appointment of the personal representative, whichever limitation last expires.

T.C.A. Section 31–4–103 provides:

**Disclosure by personal representative.**— To enable the surviving spouse to act as personal interest may require, the personal representative shall disclose, *upon application,* the state and condition of the spouse-testator's estate. (Emphasis supplied.)

In *Merriman v. Jones,* Tenn.App.1981, 620 S.W.2d 88, the deceased died on October 20, 1978; and the will was probated on March 28, 1979. The opinion does not state when the personal representative was appointed, but presumably this occurred at or near the time of probate. An incomplete inventory was furnished to the widow's lawyer on an unstated date. On July 27, 1979, the widow's counsel *requested a full disclosure which was not made by the personal representative until October 9, 1979,* eleven days after the statutory time for dissent expired on September 28, 1979. The petition for elective share was filed November 1, 1979, an inventory was filed on January 18, 1980, and the

232

contents of a lock box was not disclosed until the trial on July 11, 1980.

This Court reversed the dismissal of the widow's petition and said:

> ... We hold that the provision of T.C.A. § 31–604 is mandatory and must be strictly complied with by the representative of an estate or the statutory time for filing a dissent will not bar the widow from making that election.... We think the better rule would be to require strict adherence to the statute in order that its beneficial effect may be secured to surviving spouses.

*Merriman*, 620 S.W.2d at 91.

The rule announced in the quoted opinion is not applicable to the present case because there is no showing that application was made by the surviving spouse for information, that the proposed inventory made available to petitioner on November 13, 1994, was erroneous or misleading or that petitioner was denied access to any information reasonably necessary for his decision of whether to dissent or not.

■ Appellant's brief attempts to rely upon a letter attached to his brief which was purportedly written on an unstated date by one of the executors to the Trial Judge. Said letter was not properly certified as part of the evidence heard by the Trial Judge, and, therefore cannot be considered by this Court. Even if proper for consideration, the letter would not affect the disposition of this appeal.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the respondent/appellant. The cause is remanded to the Trial Court for further necessary proceedings.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.